NOT DESIGNATED FOR PUBLICATION

Nos. 121,133
121,283

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAROLD EDWARD METZGER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed February 28, 2020. Affirmed.


Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).


Before GREEN, P.J., HILL and LEBEN, JJ.


PER CURIAM: Harold Edward Metzger pleaded no contest to nonresidential burglary in case No. 16CR1256 and criminal trespass and theft in case No. 16CR1218. The trial court sentenced Metzger to either prison or jail for each crime but granted Metzger 24 months' probation. The trial court later revoked Metzger's probation and imposed his underlying sentences. Metzger now appeals, arguing that the trial court erred in revoking his probation. We granted Metzger's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded to Metzger's motion for summary disposition, stating revocation was authorized by statute. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2017, Metzger pleaded no contest to one count of nonresidential burglary, a felony, in 16CR1256 and one count of criminal trespass and one count of theft, both misdemeanors, in 16CR1218. The trial court accepted his plea and found him guilty of each crime.

The trial court sentenced Metzger to 13 months' imprisonment for nonresidential burglary with 12 months' postrelease supervision. The trial court suspended the sentence and granted Metzger 24 months' probation. For theft, the trial court sentenced him to 12 months in the Saline County Jail but placed him on 24 months' probation. Finally, the trial court sentenced Metzger to 6 months in the Saline County Jail for criminal trespass but granted him 24 months' probation. The trial court ordered all of the imprisonment sentences to run consecutively but ordered the probation to run concurrently.

On July 26, 2018, the State moved to revoke Metzger's probation for violating the terms and conditions of his probation. Metzger stipulated to violating his probation. The trial court ordered Metzger to serve a 120-day sanction and reside in a sober living environment for 60 to 90 days upon completion of the sanction.

On February 22, 2019, the State again moved to revoke Metzger's probation for violating the terms and conditions of his probation. The State called Bobbie Bradbury, Metzger's intensive supervision officer, to testify about Metzger's probation violations. Metzger failed on multiple occasions to report for mandatory meetings and drug tests. Metzger failed to stay employed. He stopped showing up for drug and alcohol abuse treatment and was unsuccessfully discharged from the program. Metzger also violated his curfew requirement. Finally, Metzger neglected to comply with the trial court's order to reside in a sober living environment for 60 to 90 days. Metzger took the stand and

2

admitted to committing the violations Bradbury described. The trial court found that Metzger had committed multiple probation violations and had previously served a 120-day sanction. The trial court revoked Metzger's probation and ordered him to serve his underlying sentences.

Metzger timely appeals.

*Did the Trial Court Err in Revoking Metzger's Probation?*

Once a probation violation is established, the disposition of the case lies within the sound discretion of the trial court, provided that discretion falls within the boundaries of K.S.A. 2018 Supp. 22-3716. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused for the following: (1) an action that no reasonable person would take; (2) an action based on an error of law; or (3) an action based on an error of fact. *State v. Stovall*, 298 Kan. 362, 370, 312 P.3d 1271 (2013). The defendant bears the burden of establishing an abuse of discretion. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

In 16CR1256, Metzger was convicted of nonresidential burglary, a felony. After an offender has been sanctioned to a 120-day stint in prison under K.S.A. 2018 Supp. 22-3716(c)(1)(C) or 180-day stint in prison under K.S.A. 2018 Supp. 22-3716(c)(1)(D), the trial court may revoke probation and impose the offender's underlying sentence or any lesser sentence in response to a new probation violation. K.S.A. 2018 Supp. 22-3716(c)(1)(E). Metzger had already received and served a 120-day sanction. The trial court was well within its authority to revoke Metzger's probation and impose his underlying sentence in 16CR1256.

In 16CR1218, Metzger was convicted of criminal trespass and theft—two misdemeanors. Although Metzger was given a 120-day sanction, a trial court may revoke

3

a defendant's probation without ordering intermediate sanctions if the original crime of conviction was a misdemeanor. K.S.A. 2018 Supp. 22-3716(b)(3)(B)(iii). Because both crimes of convictions in 16CR1218 were misdemeanors, the trial court had the authority to revoke Metzger's probation.

The trial court's revocation of Metzger's probation is not an action that no reasonable person would take. Metzger had previously served a 120-day sanction. Metzger violated the terms of his probation multiple times. Metzger failed to show up for required appointments and drug tests. Metzger failed to maintain employment. He stopped attending treatment and was unsuccessfully discharged. Nor did Metzger comply with the trial court's previous order to reside in a sober living environment for 60 to 90 days. Thus, the trial court acted reasonably in revoking Metzger's probation and imposing his underlying sentences.

Affirmed.